UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO GONZALEZ (A-203-002-371),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-6338 CSK<br><br>ORDER |

Petitioner Lazaro Gonzalez (A-203-002-371), a native and citizen of Cuba who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On March 13, 2024, an immigration judge ordered petitioner removed to Cuba. On June 20, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). On June 20, 2026, the Department of Homeland Security ("DHS") served petitioner with a Notice of Revocation of Release. This habeas action concerns petitioner's detention. For the reasons that follow, this Court orders the petition granted and petitioner immediately released.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba. (ECF No. 9 at 6.) On October 13, 2010,

[1] The parties consented to the jurisdiction of the undersigned. (ECF No. 13.)

petitioner was paroled into the United States. (Id.) On February 15, 2012, petitioner's status was adjusted to Lawful Permanent Resident. (Id.) On February 9, 2024, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings.[2] (Id. at 6-9.) The Notice to Appear charged petitioner under INA section 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Id. at 6.) The Notice to Appear cited petitioner's December 17, 2020 convictions in case no. F19-001227 for two counts of battery on a law enforcement officer in violation of Florida Statute 784.07(2)(B) and resisting officers with violence in violation of Florida Statute 843.01; and petitioner's December 17, 2020 conviction in case no. F20-010832 for resisting officers with violence in violation of Florida Statute 843.01. (Id. at 9.) On March 9, 2024, petitioner was detained by immigration officials. (Id. at 10.) On March 13, 2024, an immigration judge ordered petitioner removed to Cuba. (Id. at 12-13.) Petitioner was not removed and was subsequently released on an Order of Supervision issued on April 4, 2024. (Id. at 1-2.)

On June 20, 2026, DHS served petitioner with a Notice of Revocation of Release stating that his Order of Supervision, issued April 4, 2024, was revoked because petitioner violated the conditions of his release "by committing crimes." (Id. at 15-16.) On June 20, 2026, petitioner was arrested and detained. (Id. at 58 (arrest warrant).)

## II. PROCEDURAL BACKGROUND

On August 10, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 20, 2026, respondents filed an opposition to the petition. (ECF No. 9.) Petitioner did not file a reply to the opposition. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const.,

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

The petition raises four claims for relief: (1) violation of the Accardi doctrine and failure to follow mandatory regulatory procedures governing detention (claim one); (2) violation of due process (claim two); (3) violation of 8 C.F.R. § 241.4 because petitioner cannot be removed in the reasonably foreseeable future (claim three); and (4) failure to conduct individualized custody determination. (ECF No. 1 at 6-7.)

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6) because he is subject to a final order of removal. (ECF No. 9 at 2-3.)

### A. Claim One: 8 C.F.R. § 241.13

In claim one, petitioner argues that ICE violated 8 C.F.R. § 231.13 by failing to provide him with a hearing following his detention. (ECF No. 1 at 6.) Before addressing this claim, this Court first addresses respondents' arguments that petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6) because he is subject to a final order of removal.

1. 8 U.S.C. § 1231(a)(6)

Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period,

the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). Where removal cannot be accomplished within the 90-day removal period, continued detention is authorized by 8 U.S.C. § 1231(a)(6), but it is not mandatory. See Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Id. at 578-79 (quoting 8 U.S.C. § 1231(a)(6));

Here, it is clear that the 90-day removal period has passed where petitioner was ordered removed on March 13, 2024. (ECF No. 9 at 12-13.) Respondents do not dispute that petitioner was most recently released under an Order of Supervision on April 4, 2024. (Id. at 1-2.)

Citing Zadvydas, respondents appear to argue that petitioner's detention under § 1231(a)(6) is presumptively reasonable because petitioner has been detained less than six months. (Id. at 3.) Zadvydas dealt with a noncitizen who had been detained and never released following a final order of removal. Zadvydas, 533 U.S. at 701. In that context, the Supreme Court held that once a noncitizen has been detained for six months and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Id.

However, the burden-shifting framework from Zadvydas does not apply to petitioner's challenge to his re-detention. As another district court noted in a similar context, "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in Zadvydas." Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025); see also Yan-Ling X. v. Lyons, 2025 WL 3123793, at *3 (E.D. Cal. Nov. 7, 2025). As in Nguyen, "[t]his case is about ICE's authority to re-detain [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Nguyen, 788 F. Supp. 3d at 149. "[T]his is not your typical first round detainment of an [noncitizen] awaiting removal. Petitioner was previously detained, then released on supervised release for several years and his

90-day removal period expired." Escalante v. Noem, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025).

A set of regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. A noncitizen who has been released under an Order of Supervision "who violates any of the conditions of release may be returned to custody ... and may be continued in detention for an additional six months in order to affect the [noncitizen's] removal, if possible[.]" 8 C.F.R. § 241.13(i)(1). A noncitizen's release may also be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

In the opposition, respondents also appear to claim that petitioner is detained pursuant to 8 C.F.R. § 241.13(i)(2) because his Order of Supervision was revoked on account of changed circumstances that made petitioner's removal significantly likely in the reasonably foreseeable future. (ECF No. 9 at 3.) As discussed above, the Notice of Revocation of Release states that petitioner's Order of Supervision was revoked because petitioner violated the conditions of his release by "committing crimes." (Id. at 15.) Therefore, petitioner's detention is under 8 C.F.R. § 241.13(i)(1). Respondents argue that petitioner's detention under 8 C.F.R. § 241.13(i), which is less than six months, is presumptively reasonable under 8 C.F.R. § 241.13(j), which provides for a custody redetermination review process for noncitizens detained beyond six months. (Id. at 3.) This argument is unpersuasive. Section 241.13(j) provides for a custody redetermination review process for noncitizens detained under 8 C.F.R. § 241.13(i) beyond six months. Because petitioner challenges his initial detention under 8 C.F.R. § 241.13(i)(1) and has not been detained six months, 8 C.F.R. § 241.13(j) is not applicable.

Respondents do not address petitioner's argument that his detention violates 8 C.F.R. § 241.13(i)(3) because he did not receive a prompt hearing following his detention. (See ECF No. 9.) This Court construes respondent's failure to address this argument as a concession to petitioner's argument. See Siang v. Chang, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to

petitioner's argument.").

2. Compliance with Implementing Regulations

"ICE, like any agency, 'has the duty to follow its own regulations.'" Rombot v. Souza, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting Haoud v. Ashcroft, 350 F.3d 201, 205 (1st Cir. 2003); see Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons, 954 F.3d 118, 130 (2d Cir. 2020) ("Under deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations.").

When revoking a petitioner's release pursuant to 8 C.F.R. § 241.13(i)(1), the petitioner is entitled to a prompt interview: "Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification. The [noncitizen] may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." 8 C.F.R. § 241.13(i)(3).

Petitioner argues that ICE violated 8 C.F.R. § 241.13(i)(3) by failing to provide him with a prompt informal interview following the revocation of his supervision and his detention. The record contains no evidence that petitioner received the prompt informal hearing required by 8 C.F.R. § 241.13(i)(3) and respondents do not address this argument in their opposition.[3] (See ECF No. 9.) As discussed above, by failing to address this claim, respondents concede petitioner's argument.

This Court finds that respondents violated their own regulation, 8 C.F.R. § 241.13.(i)(3), by failing to provide petitioner with a prompt informal interview following his detention upon revocation. Courts have held that "where an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute ... and [ICE] fails to adhere to it, the challenged [action] is invalid.'" Rombot, 296 F. Supp. 3d at 388 (quoting Waldron v.

[3] The section of the Notice of Revocation of Release titled "Notice of Informal Interview" is not filled in. (ECF No. 9 at 16.)

I.N.S., 17 F.3d 511, 518 (2d Cir. 1993)); see also Truong v. Noem, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 6, 2025) ("Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered.") (collecting cases).

**B. Claim Two: Due Process**

This Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). When the government grants a noncitizen parole or supervised release, it creates a protected liberty interest subject to due process clause protection. See Sanchez v. LaRose, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025). These protections include at least notice and an opportunity to be heard regarding the revocation. Id.; Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against him and the opportunity to meet it."). In Saengphet v. Noem, the district court ruled that notices revoking protected liberty interests are constitutionally inadequate when they lack individualized explanations of the changed circumstances giving rise to revocation. See 815 F. Supp. 3d 1142, 1150 (S.D. Cal. Nov. 20, 2025). Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient. See Sanchez, 2025 WL 2770629, at *3; Ying Fong v. Ashcroft, 317 F. Supp. 2d 398, 403 (S.D.N.Y. 2004) ("The opportunity to be heard must be meaningful, that is, an opportunity granted at a meaningful time and in a meaningful manner.") (internal citation omitted). A detainee's opportunity to be heard is not meaningful if the detainee has not been informed of the circumstances of his revoked release in a manner sufficient to allow his response. See Sarail A. v. Bondi, 803 F. Supp. 3d 775, 787 (D. Minn. Sept. 3, 2025).

While this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, the government's interest in re-detaining petitioner without adequate

notice and an opportunity to challenge the revocation of his release is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. March 3, 2025). "That the Government may believe it has a valid reason to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Respondents identify no reason why an informal interview "to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification" was not provided to petitioner as required by their own regulations. See 8 C.F.R. § 241.13(i)(3).

### C. Conclusion

For the reasons above, this Court grants the petition as to claims one and two alleging that petitioner's re-detention is unlawful because the government failed to comply with its own regulations regarding the revocation of petitioner's release set forth at 8 C.F.R. § 241.13(i)(3).

## V. REMAINING CLAIMS

Because the Court grants the petition based on claims one and two for the reasons discussed above, the Court need not address any additional claims raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the Court's ruling as to claims one and two.

## VI. REMEDY

Based on granting the petition as to claims one and two, this Court orders that petitioner be immediately released to return him to the status quo before the pending controversy. See Yang v. Kaiser, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante litem is "the last uncontested status which preceded the pending controversy"). Because petitioner challenges his current re-detention, the last uncontested status of petitioner was his release under the April 4,

2024 Order of Supervision before his re-detention on June 20, 2026.

## VII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is **GRANTED** as to claims one and two (due process and regulatory violation).
2. Petitioner Lazaro Gonzalez (A-203-002-371) is **IMMEDIATELY** released from ICE custody under the same conditions he was previously released in his April 4, 2024 Order of Supervision. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents are enjoined and restrained from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures. Because petitioner is proceeding pro se, respondents are further directed to file a status report within **seven (7)** days from the date of his release.
3. The Clerk of the Court is directed to serve this order on the Central Valley Annex and to enter judgment in favor of petitioner and close this case.

Dated: October 01, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gonz6338.ord.imm.RELEASE/2